Affirmed and Memorandum Opinion filed April 18, 2006









Affirmed
and Memorandum Opinion filed April 18, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00717-CR

____________

 

ARTHUR NOAH MENARD, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 155th
District Court

Austin County, Texas

Trial Court Cause No. 2003R-0088

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Arthur Noah Menard, was
convicted of credit card abuse and sentenced to 300 days in a state jail
facility.  In his sole point of error,
appellant contends the evidence is legally and factually insufficient to
sustain his conviction.  We affirm.








Appellant and the complainant ended a
romantic relationship on or about the same date appellant took one of the
complainant=s credit cards and, without her
permission, withdrew $303.00 in cash advances from an ATM and also charged
$24.95 to an online dating service.  The
credit card was never recovered. 
Appellant claims the evidence is insufficient to sustain his conviction
because the State offered no evidence, including the card itself, to show
appellant ever used a credit card bearing, on its face, the complainant=s name.

In a legal sufficiency review, we look at
the evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); 
Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  We do not engage in a second evaluation of the
weight and credibility of the evidence, but only ensure the jury reached a
rational decision.  Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 

          To convict a person of credit card
abuse, the State must prove beyond a reasonable doubt that the person, with
intent to obtain a benefit fraudulently, used a credit card knowing the card
was not issued to him and that he did not have the effective consent of the
cardholder.  Tex. Pen. Code Ann. ' 32.31(b)(1) (Vernon
Supp. 2005).  ACardholder@ is defined as the
person named on the face of a credit card and to whom the card is issued.  Id. ' 32.31(a)(1).  At trial, the State offered evidence showing
the complainant was issued a credit card, her name appeared on its face, and
appellant stole and used that same credit card. 
We find this evidence is legally sufficient to establish the complainant
as the cardholder.








When reviewing factual sufficiency, we ask
only one question:  AConsidering all
evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt?@  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim.
App. 2004).  There are two ways the
evidence may be factually insufficient: (1) evidence supporting the verdict,
considered alone, may be too weak to support a finding of guilt beyond a
reasonable doubt or (2) there may be evidence both supporting and contrary to
the verdict, but the contrary evidence is so significant that guilt beyond a
reasonable doubt could not have been found at trial.  Id. 
We must defer to the jury=s findings and not
intrude on the jury=s role as the sole judge of witness
credibility and of the weight to be given to the evidence.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  Here, the evidence,
when considered in a neutral light, is amply sufficient to justify a rational
jury in finding appellant guilty beyond a reasonable doubt.  Accordingly, we find the evidence to be
factually sufficient to support the verdict.

Aappellant=s sole point of
error is overruled, and his conviction is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed April 18, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).